UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re:                                                           :
                                                                 :
TS EMPLOYMENT, INC.,                                             :
                                                                 :
                            Debtor.                              :
                                                                 :         20 Civ. 9558 (JPC)
-----------------------------------------------------------------:
                                                                 :         OPINION AND ORDER
JAMES S. FELTMAN,                                                :
                                                                 :
                            Plaintiff,                           :
                                                                 :
       -v-                                                       :
                                                                 :
TRI-STATE EMPLOYMENT SERVICE, INC. *et al.*,                     :
                                                                 :
                            Defendants,                          :
       and                                                       :
                                                                 :
JOFAZ TRANSPORATION, INC. *et al.*                               :
                                                                 :
                            Third-Party Respondents.             :
                                                                 :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

James S. Feltman, as the Trustee for the bankruptcy estate of TS Employment, Inc., obtained a large default judgment in an adversary proceeding brought against Tri-State Employment Service, Inc. ("Tri-State"). The Trustee seeks to collect on that judgment by seeking money that third parties Jofaz Transportation, Inc., Y&M Transit Corp., and Third Avenue Transit, Inc. (collectively, "Respondents") allegedly owe to Tri-State. Respondents seek to withdraw the reference of the matter to the Bankruptcy Court. For reasons that follow, their motion is denied.

## I. Background

TS Employment filed for bankruptcy under Chapter 11 of the Bankruptcy Code on February 2, 2015. *In re TS Employment, Inc.*, No. 15-10243 (S.D.N.Y. Bankr.), Dkt. 1. On February 27, 2015, the Bankruptcy Court appointed Feltman as the Trustee for the bankruptcy estate. *Id.*, Dkt. 33. The Trustee brought a fraudulent conveyance action in an adversary proceeding against, among others, Tri-State, on January 21, 2017. Dkt. 1, Exh. 1 ("Garvey Affirmation") ¶ 11, Exh. M; *see Feltman v. Tri-State Employment Serv., Inc.*, No. 17-1013 (S.D.N.Y. Bankr.).[1] The Bankruptcy Court granted default judgment to the Trustee against Tri-State on June 13, 2019. *Feltman*, No. 17-1013, Dkt. 58. As a result, Tri-State owes more than $98 million to the Trustee. Garvey Affirmation ¶ 13.

The Trustee claims that Respondents, in turn, owe Tri-State $1,964,961.22. *Id.* ¶ 20. Because Respondents allegedly owe money to Tri-State, and Tri-State owes money to the Trustee, the Trustee, as a judgment creditor, seeks to step into Tri-State's shoes to collect the money that Respondents owe to Tri-State. The Trustee filed an action (the "Turnover Action") to that effect on October 10, 2019. *Feltman*, No. 17-1013, Dkt. 66; *see* Affirmation ¶ 19, Exh. E. The Turnover Action allegedly arises under New York Civil Practice Law and Rules section 5227 via Federal Rule of Civil Procedure 69. *Feltman*, No. 17-1013, Dkt. 66. Respondents opposed the Turnover Action before the Bankruptcy Court on October 7, 2020. *Id.*, Dkt. 83.

Since the filing of the Turnover Action, the Bankruptcy Court has overseen the case, including conducting status hearings and resolving discovery disputes. *See generally id.*; *see also* Dkt. 7 ("Opposition") ¶ 5. According to Feltman, and apparently not disputed by Respondents,

---

[1] The Garvey Affirmation was submitted by Respondents' attorney, Lawrence A. Garvey, Esq., in support of their motion to withdraw the reference.

during discovery Respondents have produced relevant documents and made corporate representatives available for deposition. Opposition ¶ 5. The Bankruptcy Court has also overseen other adversary proceedings related to the bankruptcy, and the Turnover Action appears to be the last one remaining.

Respondents now move to withdraw the reference of the Turnover Action to the Bankruptcy Court under 28 U.S.C. § 157(d). *Id.* ¶ 39. They also move to dismiss the Turnover Action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *Id.* ¶ 42.

## II.  Legal Standard

District courts have original jurisdiction over civil proceedings "arising under," "arising in," or "related to" cases under the United States Bankruptcy Code, also known as "title 11." 28 U.S.C. § 1334(b). But "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this District, "all Chapter 11 cases are automatically referred to bankruptcy judges via a standing order." *In re Lyondell Chem. Co.*, 467 B.R. 712, 718 (S.D.N.Y. 2012); *see In re Standing Order of Reference Re: Title 11*, 12 Misc. 32 (LAP) (S.D.N.Y. Feb. 1, 2012).

When a matter is referred to the bankruptcy court, "[t]he district court may withdraw, in whole or in part, any case or proceeding . . . on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Second Circuit directs district courts to consider three factors. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

The first factor identified in *Orion* was "whether the claim is core or non-core." *Id.* By statute, bankruptcy-related matters are divided into "core" and "non-core" proceedings. 28 U.S.C. § 157(b)-(c). While "[b]ankruptcy courts can hear both core proceedings and non-core proceedings that are otherwise related to a case under title 11," they could traditionally enter "final judgments

3

only in core proceedings," unless the parties otherwise consented. *In re Lyondell Chem. Co.*, 467 B.R. at 718 (internal quotation marks omitted). But in *Stern v. Marshall*, 564 U.S. 462 (2011), the Supreme Court held that a bankruptcy court lacked constitutional authority to enter judgment on a "core" claim because the claim nevertheless did not fall within the "public right" exception to Article III. *Id.* at 487-99. As a result of this holding, "it is not the core/non-core distinction but Article III that determines the bankruptcy court's adjudicative authority" because some core claims cannot be finally adjudicated by a bankruptcy judge. *In re Lyondell Chem. Co.*, 467 B.R. at 719. Thus, post-*Stern*, "courts in this District have concluded that 'the relevant inquiry under the first prong of the *Orion* test is . . . whether the bankruptcy court has the authority to finally adjudicate the matter.'" *Lehman Brothers Holdings, Inc. v. Hometrust Mortg. Co.*, No. 15 Civ. 304 (PAE), 2015 WL 891663, at *2 (S.D.N.Y. Feb. 25, 2015) (quoting *In re Arbco Cap. Mgmt., LLP*, 479 B.R. 254, 262 (S.D.N.Y. 2012) (collecting cases)); *accord In re Lyondell Chem. Co.*, 467 B.R. at 719 ("To the extent the core/non-core distinction held a privileged position among the *Orion* factors before *Stern*, this is no longer the case.").

The second factor to consider under *Orion* is whether the claims at issue are legal or equitable, *see* 4 F.3d at 1101, and thus "whether a right to a jury trial exists," *Hometrust Mortg. Co.*, 2015 WL 891663, at *2 (citing *Orion*, 4 F.3d at 1101). Third, the Court must consider the other factors identified by *Orion*, namely the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." 4 F.3d at 1101.

### III. Discussion

A district court may withdraw the reference to the bankruptcy court so long as the motion is timely and "cause" is shown. 28 U.S.C. § 157(d). Here, Respondents moved to withdraw the

reference on November 13, 2020, *see* Dkt. 1, 2 ("Motion"), approximately one month after they opposed the Turnover Action on October 7, 2020, *see Feltman*, No. 17-1013, Dkt. 83. The Trustee does not contend that the motion to withdraw the reference was untimely. *See* Opposition ¶ 5. To determine whether Respondents have shown "cause," the Court turns to the factors outlined in *Orion*, 4 F.3d at 1101, as modified by *Stern*, 564 U.S. at 478-82, 488-99.

### A. The Bankruptcy Court's Final Adjudicative Authority

"Congress may not 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty.'" *Stern*, 564 U.S. at 484 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272 (1856)). There are "three instances where a bankruptcy court may adjudicate finally a claim at issue: (1) if the claim involves a public right; (2) if the process of adjudicating the creditor's proof of claim would necessarily resolve a counterclaim; or (3) if the parties consent to final adjudication by the bankruptcy court." *In re FKF 3, LLC*, No. 13 Civ. 3601 (KMK), 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016) (citing *Stern*, 564 U.S. at 478-82, 488-99); *accord In re Lyondell Chem. Co.*, 467 B.R. at 720. In this case, the Trustee agrees that the Bankruptcy Court lacks final adjudicative authority. *See* Opposition ¶ 18.

But "[w]hile the core/non-core determination is an important factor, courts have repeatedly emphasized that this factor is not dispositive of a motion to withdraw a reference." *In re Lehman Bros. Holdings Inc.*, 18 F. Supp. 3d 553, 557 (S.D.N.Y. 2014) (collecting cases).

### B. Jury Trial Rights

"[T]he [C]onstitution prohibits bankruptcy courts from holding jury trials in non-core matters." *Orion*, 4 F.3d at 1101. Thus, "[i]f a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause

5

to withdraw the reference." *Id.* at 1101.  In this case, a jury demand has been filed, *see* Motion at 6, and the Trustee does not argue that Respondents are not entitled to a jury trial, *see* Opposition ¶ 19.

The possibility of a jury trial does not mandate withdrawal of the reference, though.  First, like most civil cases, the Turnover Action may not go to trial.  Indeed, similar actions related to the underlying bankruptcy have settled.  And a case that is "unlikely to reach trial" may appropriately be left with the bankruptcy judge for management of pre-trial proceedings.  *Orion*, 4 F.3d at 1102.

Second, pretrial proceedings are partially complete.  Both Respondents and the Trustee have initiated dispositive motion practice before the Bankruptcy Court and the matters they raise remain unresolved.  *See Feltman*, No. 17-1013, Dkts. 83, 90.  The jury trial factor does not strongly favor withdrawing the reference when the case is not close to trial-ready.  *See Dynergy Danskammer, LLC v. Peabody Coaltrade Intern. Ltd.*, 905 F. Supp. 2d 526, 534 n.3 (S.D.N.Y. 2012); *In re Lyondell Chem. Co.*, 467 B.R. at 725; *see also In re Arbco Cap. Mgmt.*, 479 B.R. at 268 ("Indeed, withdrawing the reference is premature where . . . plaintiffs have not yet survived a motion to dismiss.").  And "[i]f and when . . . the case proceeds to trial, . . . [Respondents] are free to move for withdrawal a second time."  *In re Lyondell Chem. Co.*, 467 B.R. at 725.

**C.  Other *Orion* Factors**

The Court must also consider the other factors identified by *Orion*, namely the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  4 F.3d at 1101.  The Court concludes that each of these factors is either neutral or weighs against withdrawing the reference.

First, withdrawal of the reference would not promote the "efficient use of judicial resources."  *Id.*  The Bankruptcy Court oversees discovery in this case and has held hearings and

6

resolved discovery disputes. *See In re Lehman Bros. Holdings*, 18 F. Supp. 3d at 558 (explaining that a bankruptcy court's experience managing discovery in a case makes withdrawal inefficient). The Bankruptcy Court also has greater familiarity with TS Employment's bankruptcy and the fraudulent conveyance adversary proceeding brought by the Trustee.  The Turnover Action is the last of a series of similar actions that occurred before the Bankruptcy Court.  And even Respondents concede that critical evidence in the case comes from the books of Tri-State, an entity the Bankruptcy Court is familiar with, *see* Motion at 14-16, and that an examination of the prior proceedings before the Bankruptcy Court is necessary to resolve some of the standing and jurisdictional objections Respondents raise, *see id.* at 16-22.

The law, not just the facts, favors the Bankruptcy Court presiding over the Turnover Action. The Trustee's action is not a garden-variety breach of contract claim, but an attempt to enforce a judgment that the Bankruptcy Court itself previously entered.  And because the statute at issue regulates debtor-creditor disputes, *see* N.Y. CPLR § 5227, it falls close to the specialized expertise of bankruptcy courts.  Respondents insist that the action does not lie within section 5227, *see* Motion at 12-14, or the Bankruptcy Court's jurisdiction, *see id.* at 16-22, and that abstention is appropriate under 28 U.S.C. § 1334(c), *see id.* at 22-24.  The Bankruptcy Court may appropriately address those questions in the first instance.  Unlike the "difficult questions" of statutory interpretation and standing doctrine that justified withdrawing the reference in *Picard v. HSBC Bank PLC*, 450 B.R. 406, 410-13 (S.D.N.Y. 2011), this case requires only "straightforward and familiar" assessments that are not novel "in the bankruptcy context." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 Civ. 2318 (JSR), 2012 WL 5816849, at *1-2 (S.D.N.Y.

Nov. 13, 2012). Notably, Respondents do not argue that the threshold matters are sufficiently complex to require mandatory withdrawal.[2]

Second, the Court considers possible "delay and cost to the parties." *Orion*, 4 F.3d at 1101. Neither party argues that withdrawal would have any effect on delay, and while "*de novo* review of the bankruptcy court's proposed findings of fact and conclusions of law will impose additional costs on the parties, this consideration is outweighed by the likelihood that leaving the case before the bankruptcy court will facilitate a more efficient resolution." *In re Residential Cap., LLC*, 519 B.R. 593, 605 (S.D.N.Y. 2014). This factor thus weighs slightly against withdrawing the reference.

The next *Orion* factor is "uniformity of bankruptcy administration." 4 F.3d at 1101. The consideration also "is neutral because the claims at issue are non-core claims that do not arise under bankruptcy law." *Roman Cath. Diocese of Rockville Ctr., N.Y. v. Arrowood Indem. Co.*, No. 20 Civ. 11011 (VEC), 2021 WL 1978560, at *10 (S.D.N.Y. May 17, 2021); *accord Dynegy Danskammer, L.L.C.*, 905 F. Supp. 2d at 533 (explaining that "[c]ourts routinely have found no benefit" for uniformity of bankruptcy administration "where claims are based on state law").

Finally, the Court considers whether forum shopping is afoot in the attempt to withdraw the reference. *Orion*, 4 F.3d at 1101. The Trustee argues that the motion's timing close to the end of discovery and after the filing of objections before the Bankruptcy Court, but before that court could address them, indicates a bad faith attempt to delay ongoing proceedings. *See* Opposition ¶ 16. While the one-month delay between the opposition before the Bankruptcy Court and this motion could have a dilatory motive, based on the information in the record, the Court does not infer forum

---

[2] While Respondents do include one conclusory assertion that "withdrawal is not merely warranted, but is mandatory," Motion at 5, they make no attempt to argue that this case requires "significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes," *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991).

8

shopping by Respondents. *See In re Arbco Capital Mgmt.*, 479 B.R. at 268 (finding that delay alone does not necessarily indicate forum shopping). The forum shopping factor therefore is neutral as well.

\*   \*   \*

Applying the *Orion* factors, as modified by *Stern*, the Court declines to withdraw the bankruptcy reference. While the Bankruptcy Court lacks final adjudicative authority over the claim, the distant possibility of a jury trial, along with considerations of judicial efficiency including the Bankruptcy Court's familiarity with the issues in this matter, support waiting until the Bankruptcy Court has finished its oversight of pretrial matters. The Court thus denies without prejudice Respondents' motion for withdrawal of the reference. The accompanying motion to dismiss is also denied without prejudice, as the issues raised therein will be assessed by the Bankruptcy Court.

### IV. Conclusion

For the foregoing reasons, the motions to withdraw and to dismiss are denied without prejudice to any future motions. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 2, 2021
New York, New York

JOHN P. CRONAN
United States District Judge